# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| MADISON CONSTRUCTION CO. | : | CIVIL ACTION |
|---|---|---|
| v. | : | NO. 19-2580 |
| TURNER CONSTRUCTION CO. | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                       **November 5, 2019**

Experienced building developers, contractors, and subcontractors working on multi-million-dollar construction projects may choose to define the forum to resolve their disputes. A subcontract may provide for one forum governing a dispute between the contractor and subcontractor. A master building contract may provide for another forum for a dispute between the developer and contractor. Forum selection is an often-extensively negotiated term between sophisticated parties. Unless the master building contract and subcontracts are coordinated or incorporated, the parties may litigate their construction disputes in more than one forum.

We today address a contractor's attempt to claim the subcontractor agreed to exclusively resolve its claims against the contractor in the same forum as the disputes between the developer and contractor based on the subcontractor's agreement not to contest joinder in the dispute between the developer and contractor. A subcontractor agreeing not to contest joinder in a suit between the developer and contractor is not the same thing as agreeing to exclusively resolve its disputes with the contractor in the same forum agreed by the developer and contractor. These are different provisions. Nothing in the cited joinder language precludes the subcontractor from continuing to pursue its recovery here from the contractor in the earlier filed case. We decline to abstain in

favor of a later filed case between the developer and contractor in state court. The contractor may bring a third party claim against the developer before us as we prepare for the April 6, 2020 trial.

I.   **Background**

Property developer Brandywine Cira Walnut I, LP hired Turner Construction Company as its general contractor to oversee construction of a Philadelphia skyscraper.[1] Turner hired Madison Construction Company as a subcontractor for the construction project.[2] Problems arose with construction delays and the developer, contractor, and subcontractor are now affixing blame in litigation.

Madison first sued Turner here seeking in excess of $2 Million for breach of contract and violation of the Pennsylvania Contractor and Subcontractor Payment Act on June 13, 2019.[3] Turner moved to dismiss under Rule 12(b)(6), or, alternatively, for summary judgment on July 16, 2019.[4] Madison opposed the motion and Turner replied to Madison's response. We denied Turner's motion to dismiss, finding Madison's complaint "states a claim for breach of contract and violation of the Pennsylvania Contractor and Subcontractor Payment Act" and "there are pre-discovery disputed genuine issues of material fact."[5]

On August 21, 2019, Turner answered Madison's complaint and counterclaimed for breach of contract and unjust enrichment.[6] We held a Rule 16 conference on August 27, 2019. Counsel described ongoing "good faith" negotiations with developer Brandywine and explained they hoped to reach an agreement with the developer Brandywine. Turner's counsel represented it does not want to bring Brandywine into this suit due to a "longstanding and continuing business relationship." Counsel also represented there is no tolling agreement yet between Turner and Brandywine. We cautioned Turner to decide quickly on joining Brandywine because we granted the parties an extended six months for discovery and we will not extend discovery due to a claimed

2

delay by a non-party actively involved in dispute resolution and Turner is not willing to sue Brandywine yet. We would not delay Madison's claims while Turner and Brandywine worked towards resolving whatever dispute they may have.

Recognizing Brandywine may have some role in resolving the claims, we ordered the parties to join or add additional parties no later than October 18, 2019 and set a bench trial beginning on April 6, 2020.[7] Madison answered Turner's counterclaim on September 12, 2019.[8]

Meanwhile, eight blocks down Market Street, Brandywine may not have shared Turner's rosy outlook on "good faith" negotiations. While Madison began suit here with a complaint detailing its allegations on June 13, 2019, Brandywine filed a Writ of Summons against Turner beginning a case against it without allegations in the Pennsylvania state court on July 2, 2019. Brandywine did not serve Turner with the Praecipe and Writ of Summons until October 2, 2019.[9] Brandywine then served Turner with its complaint on October 17, 2019 relying upon a September 8, 2014 General Contract.[10] In state court, Brandywine alleges "Turner mismanaged construction . . . resulting in extensive delays to the critical path and causing Brandywine damages."[11] Turner now tells us: "to the extent Brandywine is correct and Project delays were attributable to construction, those delays are a direct result of Madison's delay and inaction, and accordingly, Madison is liable to Turner for the same."[12] As we anticipated at the pretrial conference, the developer, contractor and subcontractor are now attempting to affix blame for perceived delays.

**II. Analysis**

The only issue before us today is <u>where</u> the parties can resolve their dispute. Turner now moves again to dismiss Madison's complaint arguing the June 2, 2014 Subcontract requires Madison sue Turner in the state court venue because Brandywine later chose to sue Turner there:

> [Madison] agrees . . . [Turner] shall have the exclusive right to join [Madison] as a party in any dispute resolution procedure (including without limitation ADR

3

procedures, binding arbitration or other judicial or non-judicial proceeding) in which [Turner] may be involved arising out of or in connection with the [FMC] Project . . . .[13]

Madison disagrees and argues this section of Subcontract is merely a joinder provision, not a forum selection clause.[14] Turner also moves for permission to sue Brandywine in a third-party complaint.[15] The parties told us Madison is not yet a party in the state court suit Brandywine filed several months ago.

### A. We convert Turner's motion to dismiss to a motion for judgment on the pleadings.

Turner styles its second motion to dismiss under Rule 12(b)(6).[16] But "[a] Rule 12(b) motion to dismiss a complaint must be filed before any responsive pleading."[17] Turner already answered Madison's complaint; it cannot move under Rule 12(b)(6).[18] Turner may, under Rule 12(h)(2), advance "[a] defense of failure to state a claim upon which relief can be granted" in a motion for judgment on the pleadings under Rule 12(c).[19] We treat Turner's motion as a Rule 12(c) motion for judgment on the pleadings.

"[W]e review [a Rule] 12(c) motion under the standard that governs [Rule] 12(b)(6) motions."[20] We grant a Rule 12(c) "[j]udgment on the pleadings . . . when 'the movant clearly establishes . . . no material issue of fact remains . . . and . . . he is entitled to judgment as a matter of law.'"[21] We must "view the facts and draw inferences in the light most favorable to the nonmoving party.'"[22]

### B. We may only consider the Subcontract at this stage.

When reviewing a Rule 12(c) motion, we cannot consider "matters outside the pleadings."[23] This does not mean we are "limited to the four corners of the complaint," but "matters outside the pleadings," including documents, must be "integral to and explicitly relied upon" by the complaint.[24]

4

In support of its motion, Turner attaches a copy of the: (1) June 2, 2014 Subcontract between Turner and Madison; and, (2) a September 8, 2014 General Contract between Turner and Brandywine. Neither contract is attached to Madison's complaint. The contracts are "outside the pleadings" unless "integral to or explicitly relied upon" by Madison in its complaint.

The Subcontract is integral to Madison's complaint. Madison specifically alleges "[o]n June 2, 2014, Madison entered into a contract (the 'Subcontract') with Turner to act as the 'Cast-in-Place Reinforced Concrete' subcontractor for the Project."[25] Madison also alleges it "completed its work in accord with its obligations under the Subcontract" and bases its breach of contract claim on Turner's alleged breach of the Subcontract.[26] But Madison does not rely on, no less even address, the General Contract between Turner and Brandywine in its complaint. The General Contract between Brandywine and Turner is outside the pleadings. We cannot consider this General Contract when reviewing Turner's motion.

### C. Turner relies on language which is not a forum selection clause.[27]

Turner incorrectly argues a joinder provision in the Subcontract acts as a forum selection clause.[28] The provision reads:

> [Madison] agrees . . . [Turner] shall have the exclusive right to join [Madison] as a party in any dispute resolution procedure (including without limitation ADR procedures, binding arbitration or other judicial or non-judicial proceeding) in which [Turner] may be involved arising out of or in connection with the [FMC] Project . . . .[29]

Madison correctly argues the meaning of this joinder provision is plain and unambiguous: Turner may exclusively join Madison to any proceeding where Turner believes Madison's work is at issue.[30] Madison concedes it granted Turner the option to join Madison to any proceeding, and Madison consents to being joined.[31] But this provision does not "mandate litigation in any particular forum" nor does it "restrict Madison's right to bring its own claims" in any jurisdiction.[32]

5

We agree with Madison, and decline to read this cited language as anything more than a joinder provision; it is not a forum selection clause.[33]

### D. We decline to abstain under the *Colorado River* abstention doctrine.

Turner asks we dismiss in favor of the later filed state court action filed by Brandywine against Turner where (to our knowledge) Turner has *not* joined Madison.[34] Madison correctly argues Turner attempts a backdoor *Colorado River* abstention doctrine argument. "The *Colorado River* doctrine allows a federal court to abstain, either by staying or dismissing a pending federal action, when there is a parallel ongoing state court proceeding."[35] We narrowly apply this doctrine because we "have a strict duty to exercise the jurisdiction . . . conferred upon [us] by Congress."[36]

We conduct a two-party inquiry to determine whether we should abstain. First, we consider whether there is a parallel state proceeding raising "substantially identical claims [and] nearly identical allegations and issues."[37] We consider cases parallel when "they involve the same parties and claims."[38] If we find the state proceeding and federal proceeding parallel, we then apply a multi-factor test to determine whether "extraordinary circumstances" merit abstention.[39]

There is no parallel state court proceeding to our knowledge. Madison sued Turner for failure to pay Madison for the work it did.[40] Madison did not sue Brandywine. Brandywine sued Turner for failure to achieve Milestone Dates related to various aspects of construction.[41] Brandywine did not sue Madison. While Turner has the exclusive right to join Madison in the Brandywine state court case, Turner has not done so.[42] These two actions are not "substantially identical." Given the narrow application of *Colorado River* abstention, together with our "virtually unflagging obligation" to exercise our jurisdiction to adjudicate a controversy properly before us, we decline to abstain under the *Colorado River* doctrine. We retain jurisdiction over Madison's lawsuit against Turner.

6

### E. Turner may timely add a third-party claim against Brandywine.

"A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it."[43] "But the third-party plaintiff must . . . obtain the court's leave if it files the third-party complaint more than [fourteen] days after serving its original answer."[44] We construe Rule 14 liberally in the interest of judicial economy.[45]

Our Local Rules further address a third-party complaint:

> Applications pursuant to Fed.R.Civ.P 14 for leave to join additional parties after the expiration of the time limits specified in that rule will ordinarily be denied as untimely unless filed not more than ninety (90) days after the service of the moving party's answer.[46]

Turner answered Madison's complaint on August 21, 2019[47] and moved for leave to bring this third-party complaint on October 18, 2019.[48] Turner's motion for leave to bring the third-party complaint against Brandywine is timely.

## III. Conclusion

In accompanying Orders, we deny Madison's motion for judgment on the pleadings and grant Madison's request for leave to timely file a third-party complaint against Brandywine.

---

[1] ECF Doc. No. 1 at ¶ 7.

[2] *Id.* at ¶ 8.

[3] ECF Doc. No. 1.

[4] ECF Doc. No. 5.

[5] ECF Doc. No. 10.

[6] ECF Doc. No. 17.

[7] ECF Doc. No. 20.

7

[8] ECF Doc. No. 22.

[9] *Id.* at ¶ 11.

[10] ECF Doc. No. 28 at ¶ 9. (The Court of Common Pleas caption is *Brandywine Cira Walnut I, LP v. Turner Construction Co.*, July Term, 2009 No. 222).

[11] *Id.*

[12] *Id.* at ¶ 12.

[13] ECF Doc. No. 28-2 at p. 15 (Article XVIII: Disputes).

[14] ECF Doc. No. 30 at p. 12.

[15] *Id.*

[16] *Id.*

[17] *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991) (citing *Ad-Hoc Committee of Baruch Black and Hispanic Alumni Ass'n v. Bernard M. Baruch College*, 835 F.2d 980, 982 (2d Cir. 1987)); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11 (6th Cir. 1987); *Republic Steel Corp. v. Pennsylvania Engineering Corp.*, 785 F.2d 174, 182 (7th Cir. 1986); *Slotnick v. Garfinkle*, 632 F.2d 163, 165 (1st Cir. 1980); 5A C. Wright & A. Miller, Federal Practice and Procedure § 1367, at 515 (1990).

[18] *Turbe*, 938 F.2d at 428.

[19] Fed. R. Civ. P. 12(h)(2).

[20] *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

[21] *Gardner v. Weltman, Weinberg & Reis Co.*, No. 19-2179, 2019 WL 5445664, at *1 (E.D. Pa. Oct. 24, 2019) (quoting *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008)).

[22] *Id.*

[23] Fed. R. Civ. P. 12(d); *See also Mindlance, Inc. v. DeVinney*, No. 14-98, 2014 WL 1577698, at *2 (D.N.J. Apr. 21, 2014) ("Rule 12(d), which explicitly relies upon the judicial discretion to exclude inappropriate material, is not so easily manipulated, and if DeVinney wanted to move for summary judgment she was free to do so."); *Morrison v. Lindsey Lawn & Garden, Inc.*, No. 13-1467, 2014 WL 831019, at *3 (E.D. Pa. Mar. 4, 2014) ("Under Rule 12(d), *this Court has discretion* to convert Lindsey's motion to dismiss to a motion for summary judgment and consider matters outside the pleadings . . . .) (emphasis added); *Tiso v. Bucks County Cleaning, Inc.*, No. 13-253, 2013 WL 2245705, at *4 (E.D. Pa. May 22, 2013) ("To the extent Defendant relies on documents outside the pleadings in its arguments, the Court declines to consider them pursuant to

8

Fed. R. Civ. P. 12(d). The documents Defendant seeks to have the Court consider are not integral or explicitly relied on in the Complaint . . . .").

[24] *Tanksley v. Daniels*, 902 F.3d 165, 172 (3d Cir. 2018) (citing *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 184 F.3d 280, 287 (3d Cir. 1999)).

[25] ECF Doc. No. 1 at ¶ 8.

[26] *Id.* at ¶ 10; *see also id.* at ¶¶ 8-16.

[27] Because Turner does not cite a forum selection clause, we do not conduct the non-federal *forum non conveniens* analysis the Supreme Court described in *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the West. Dist. of Texas*, 571 U.S. 49, 61 (2013).

[28] ECF Doc. No. 28 at ¶ 13.

[29] ECF Doc. No. 28-2 at p. 15 (Article XVIII: Disputes). We express no opinion on other language in the Subcontract.

[30] ECF Doc. No. 30 at p. 12.

[31] *Id.*

[32] *Id.* Madison further argues even if the Subcontract contains a forum selection clause, the clause is permissive, not mandatory. *Id.* at p. 10. Madison argues "[t]he plain language of this contractional provision does not identify *any* jurisdiction in which the parties agreed . . . Madison must litigate its claims against Turner, let alone mandate an exclusive jurisdiction." *Id.* at p. 12. Finally, Madison argues even if the clause is read as mandatory rather than permissive, it is ambiguous and must be construed against Turner as permissive. *Id.* We do not address these arguments as we agree the clause Turner cited is not a forum selection clause, permissive or otherwise.

[33] This Memorandum does not address language in the Subcontract not argued by Turner.

[34] ECF Doc. No. 30 at p. 7.

[35] *Eckerd Corp. v. Rhoads Ave. Newtown Square, LP*, Nos. 13-4752, 14-5293, 2018 WL 3656314, at *8 (E.D. Pa. Aug. 1, 2018) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)).

[36] *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996); *see also Colorado River*, 424 U.S. at 813 ("The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.").

³⁷ *Eckerd Corp.*, 2018 WL 3656314, at *9 (citing *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005)).

³⁸ *Id.* (citing *Ryan v. Johnson*, 115 F.3d 193, 196 (3d Cir. 1997)).

³⁹ *Id.* (citing *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 308 (3d Cir. 2009)).

⁴⁰ ECF Doc. No. 1 at ¶ 12.

⁴¹ ECF Doc. No. 28-2 at pp. 62-63. We may take judicial notice of public records, including judicial proceedings, in addition to allegations in the complaint. *See O'Boyle v. Braverman*, 337 F. App'x 162, 164 (3d Cir. 2009) (citing *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group, Ltd.*, 181 F.3d 410, 426-27 (3d Cir. 1999)).

⁴² ECF Doc. No. 30 at p. 7.

⁴³ Fed. R. Civ. P. 14(a)(1).

⁴⁴ *Id.*

⁴⁵ *See Reynolds v. Rick's Mushroom Service, Inc.*, No. 01-3773, 2003 WL 22741335, at *2 (E.D. Pa. Nov. 17, 2003) (citing *Scott v. Walter Kidde Portable Equipment, Inc.*, No. 02-1460, 2002 WL 1880521, at *1 (E.D. Pa. Aug. 12, 2002)).

⁴⁶ Local R. Civ. P. 14.1(a).

⁴⁷ ECF Doc. No. 17.

⁴⁸ ECF Doc. No. 28.